IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 3:12-CR-413-L |
| BARRETT LANCASTER BROWN, | |
| Defendant, | |
| and | |
| FIRST LOOK MEDIA WORKS, INC., MACMILLAN PUBLISHERS, INC., and WRITERS HOUSE, LLC, | |
| Garnishees. | |

**AGREED MOTION FOR**
**AMENDED ORDER IMPOSING LIEN AND GARNISHMENT**

Defendant Barrett Lancaster Brown and the United States of America jointly file this agreed motion to amend this court's Order Imposing Lien and Garnishment (Dkt. 123), and in support state:

On December 15, 2017, this court entered an order that instructed the garnishees as follows:

> The court further **orders** that each garnishee shall pay to the Clerk of the Court 25% of each periodic payment due or owing to Defendant Brown, directly or indirectly, individually and/or as agent, director, manager, officer or shareholder of any entity in which he has any legal interest, regardless of title, including any interest held or owned under any other name, trust, and/or business entity, from the date that each garnishee was served with the writ and continuing until further order as his nonexempt disposable earnings.

**Agreed Motion for Amended Order – Page 1**

*See* Order Imposing Lien and Garnishment (Dkt. 123). The court entered this order pursuant to 18 U.S.C. § 3613 and the Federal Debt Collection Procedure Act (FDCPA), 28 U.S.C. 3001, et seq., which incorporate the Consumer Credit Protection Act (CCPA), 15 U.S.C. 1673(a)(1). Congress enacted the CCPA to protect consumers from garnishment actions that were so onerous as to force them into bankruptcy. Accordingly, federal law provides that the maximum that may be garnished from a debtor is 25% of disposable earnings for a week. The term "disposable earnings" is defined as that part of earnings remaining "after all deductions required by law have been withheld." *See* FDCPA, 28 U.S.C. §§ 3002(5)-(6) and (9) (same as Section 302 of the CCPA, 15 U.S.C. § 1672). The intention of the law is thus to provide for garnishment not to exceed 25% of a debtor's after-tax income.

  Brown is paid for his writing – both for his assignments by contract for First Look Media, and under the book contract pursuant to which he receives payment from Writers House, Inc. – not as employee, but as a contractor who receives an IRS Form 1099. Accordingly, none of the garnishees withhold federal taxes or FICA from Brown's earnings. The United States served subpoenas on the garnishees in conjunction with the writs of garnishment. The garnishees filed answers to the writs with this court, and produced copies of the existing contracts with Brown to the United States Attorney's Office.

Because Brown remains obliged to pay federal income tax on the funds paid to him for his writing, the parties seek to amend the court's order to clarify that the maximum garnishment permitted under federal law is 25% of Brown's after-tax non-exempt disposable income, and to set forth a process for the garnishees to use in calculating the appropriate amounts for withholding and disbursement of funds payable to Brown. Accordingly, the parties request that this court issue an amended order that includes the following additional italicized language:

> The court further **orders** that pursuant to the current contracts that the garnishees produced to the United States Attorney's Office in conjunction with this garnishment action, the publisher shall pay the agent, who shall pay to the Clerk of the Court 25% of each periodic payment, *after accounting for taxes and FICA and offset of the contracted for agent's commission,* due or owing to Barrett Lancaster Brown, directly or indirectly, individually and/or as agent, director, manager, officer or shareholder of any entity in which he has any legal interest, regardless of title, including any interest held or owned under any other name, trust, and/or business entity (Brown), from the date that each garnishee was served with the writ and continuing until further order as his nonexempt disposable earnings. Brown and each garnishee shall notify the United States Attorney's Office in advance of any modification to the existing contracts that alters the current payment arrangement between Brown, , individually and/or as agent, director, manager, officer or shareholder of any entity in which he has any legal interest, regardless of title, including any interest held or owned under any other name, trust, and/or business entity, and the garnishees and/or the execution of any new contracts between them.
>
> *To calculate the amounts for withholding and disbursement of funds payable to Brown, each garnishee shall provide to Brown a statement of each periodic payment due and owing as compensation for his services after offset of the contracted for agent's commission. Brown shall provide that statement to his tax preparer who will then prepare a statement of federal taxes and FICA due and owing from each periodic payment that Brown will provide to each garnishee and to*

*his supervising United States Probation Officer. The entity issuing payment and Form 1099 to Brown will then calculate the garnishment amount to remit to the Clerk of Court by subtracting the total amount of federal taxes and FICA listed on the tax preparer's statement from the periodic payment due to Brown and multiplying the remainder by 25%. The entity issuing payment and Form 1099 to Brown will then release the remaining funds to Brown after withholding and disbursement of the garnishment payment to the Clerk of Court. Brown shall be responsible for payment of any taxes and provide proof of such payments to his supervising United States Probation Officer.*

The parties acknowledge that the United States Attorney's Office neither represents the Internal Revenue Service, nor alleges any tax advice in this matter, and nothing in this motion shall limit or in any way waive or release any administrative or judicial civil claim, demand, or cause of action, whatsoever, of the United States or its agencies.

WHEREFORE, the parties jointly request that the court enter an Amended Order Imposing Lien and Garnishment as described above.

Respectfully submitted,

/s/ Marlo P. Cadeddu
MARLO P. CADEDDU
TX State Bar No. 24028839
Law Office of Marlo P. Cadeddu, P.C.
3232 McKinney Ave., Suite 700
Dallas, TX 75204
214.744.3000
214.744.3015 (facsimile)
mc@marlocadeddu.com
Attorney for Barrett Brown

*/s/ Melissa A Childs (agreed by email)*
MELISSA A. CHILDS

4

Assistant United States Attorney
Illinois Bar No. 6273797
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Telephone: 214-659-8600
melissa.childs@usdoj.gov

CERTIFICATE OF SERVICE

    I certify that today, May 21, 2018, I filed the instant motion using the Northern District of Texas's electronic filing system (ECF) which will send a notice of filing to all counsel of record.

    /s/ Marlo P. Cadeddu
    MARLO P. CADEDDU
    Attorney for Barrett Brown